UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIM CLARK CONSTRUCTION, LLC, | * * * | Case No. :  14-2474 |
| Plaintiff, | * * | SECTION:           DIVISION: |
| v. | * * | JUDGE: |
| ALLSTATE INSURANCE COMPANY | * * | MAGISTRATE JUDGE: |
| Defendant. | * | |

**********************************

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  Allstate files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. Allstate would respectfully show as follows:

I.

On September 25, 2014, the Plaintiff, Tim Clark Construction, LLC, filed a lawsuit entitled "*Tim Clark Construction, LLC v. Allstate Insurance Company*," in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing case number 2014-9424, Division

---

[1] *See* 42 U.S.C. §4001 *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

"A."   A copy of said Petition and all pleadings served upon Allstate to date are attached hereto as "Exhibit A."

II.

For the reasons that follow, Allstate hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article VII(R), 28 U.S.C. §1331, 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

A.   REVIEW OF THE PLAINTIFF'S PETITION

1.   At paragraph IV, the Plaintiff alleges that they were contracted by the property owners of 2626 St. Bernard Avenue, New Orleans, LA 70119 to perform elevation work on the property pursuant to terms of insurance contract issued by Allstate.

2.   At paragraph V, Plaintiff alleges that Allstate issued a flood insurance policy bearing number 1805405717 which provided increased cost of compliance coverage ("ICC") to insured, Talmage Mitchell, owner of the property at 2626 St. Bernard Avenue.  ICC is a provision of the Standard Flood Insurance Policy ("SFIP"), found at Article III, Coverage D. The SFIP is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1), and thus, federal law.

3.   At paragraph VI, Plaintiff alleges that Allstate contracted to provide payment to Plaintiff for the elevation of home at 2626 St. Bernard Avenue in the event Plaintiff performed the work of elevating the home.

4.   At paragraph VII, Plaintiff alleges it elevated the home to the satisfaction of Defendant and property owner providing all services necessary to obtain payment under the ICC provisions of the policy.

5. At paragraph VIII, Plaintiff alleges Allstate refused to make payment of ICC funds. Plaintiff therein alleges a breach of the SFIP contract.

6. At paragraph IX, Plaintiff alleges that the insured under the policy instructed Allstate to make all ICC payments to Plaintiff, and the insured otherwise assigned the rights under the policy for ICC coverage to Plaintiff to collect those proceeds under the policy.

7. At paragraphs X and XI, Plaintiff alleges that under ICC coverage of Allstate's policy, Allstate had an obligation to pay Plaintiff directly for work performed to the insured property and that Allstate breached the insurance policy by refusing to pay Plaintiff.

8. At paragraphs XI(a-e), Plaintiff alleges that it detrimentally relied on promises and representations made by Allstate that payments would be made for work performed by Plaintiff to the property and that coverage was provided pursuant to ICC provisions of the policy. As a result of Plaintiff's reliance on the misrepresentations, Plaintiff incurred damages.

9. At paragraph XII, Plaintiff alleges that Allstate is liable to Plaintiff for amount of ICC coverage of under the policy.

10. At paragraphs XIII, Plaintiff alleges that the damages do not exceed $75,000 exclusive of interest and costs. However, the Plaintiff's claims state a federal question, as federal law applies to an alleged breach of the SFIP.

**B.  THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

11. Congress underwrites all operations of the National Flood Insurance Program through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

12. Allstate is authorized to issue Standard Flood Insurance Policies ("SFIP") on behalf of the federal government pursuant to the "Arrangement" with FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

13. Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

14. Pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(D), the insured may assign the policy in writing when transfer title of property to someone else.

15. Further, Allstate has no authority to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

16. Allstate's role, as set forth in the Arrangement, is to *market, sell* and *administer* SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government. Allstate conducts all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

17. All flood claim payments made by Allstate under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. *See also*, 44 C.F.R. Pt. 62, App. A, Arts. III(D)(1), (2) and (3). The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

18. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979), wherein the Fifth Circuit stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*Id*. at 881.

C. **FEDERAL JURISDICTION**

  **(1) 42 U.S.C. §4072**

19. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP.

20. SFIP Article VII(R) clearly states that all disputes under the policy must be filed in the United States District Court of the district in which the covered property was located at the time of the loss. Certainly, Allstate is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1), Plaintiff is charged with knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

  **(2) 28 U.S.C. §1331**

21. Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA,

the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

22. In the instant matter, Plaintiff has pled a breach of contract claim arising out of Allstate's alleged failure to pay pursuant to ICC provisions of the policy.  *See* Exhibit A at Paragraphs VIII, IX, X, and XI (a-e).  Thus, in order to determine what, if any, U.S. Treasury benefits Plaintiff may be entitled to receive in this lawsuit, this Federal Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, the interpretation of the SFIP necessarily determines the coverage provided under the SFIP, and any amounts due under the SFIP would require the interpretation of a federal law, which presents a federal question.  Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §§ 1441(a), (b) and (c).

**(3.)   U.S. Treasury Funds Are at Stake**

23. NFIP claims are funded by the U.S. Treasury.  *See Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); *Gowland*, 143 F.3d at 955; and *Evanoff v. Standard Fire Ins. Co.,* 534 F.3d 516, 519-520 (6th Cir. 2008).  FEMA's regulations make clear that payments under the SFIP "shall be binding upon the FIA."  44 C.F.R. §62.23(i)(1).  FEMA's "Arrangement" with the WYO Program companies also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism.  *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E),

III(D)(1), and IV(A*). See also Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, FN10 (9th Cir. 2000), *cert denied*, 531 U.S. 927 (2000).

24.     Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all defense costs will be paid by the Program if litigation arises. 44 C.F.R. Pt. 62, App. A, Arts. III(C)(3), (D)(2). *See also* 44 C.F.R. §§ 62.23(i)(6) and (9); *Newton*, 245 F.3d at 1312.

25.     In addition to the foregoing, the scope of the Arrangement between the United States government and WYO carriers includes within its scope the "selling and administering" of standard flood insurance policies with federal funds. 44 C.F.R. Pt. 62, App. A, Art. I. As the WYO carrier has engaged in these activities "…in a fiduciary capacity…," all of its activities are "…extensively regulated… when selling or administering the Standard Flood Insurance Policy." *Id*. These points are further made clear by Arrangement Articles II(A), (D) and (G). Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigation expenses are borne by the U.S. Treasury.

26.     Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012). Therefore, there is no question that federal funds are at stake in the selling, marketing and issuance of SFIPs. *See also* Exhibits B - D.

**D.     FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE**

27.     As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. §1337 is not subject to the well-pleaded petition rule. Under §1337, removal is proper

where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D. Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

28. Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.,* 386 F.3d 263, FN3 (3rd Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

29. Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates the subjects of claims and claims handling, administration as well as "the conditions of insurability." *See, e.g.,* 42 U.S.C. §§ 4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Petition, and so removal is proper pursuant to 28 U.S.C. §1337.

**D.    THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

30.    To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

31.    All of the claims put at issue in the Plaintiff's Petition arise from the property damage that they allegedly sustained as a result of a flood, and from their efforts to obtain flood insurance benefits as a result of that loss.  As such, all of the Plaintiff's legal claims arise from the same nucleus of operative facts, that being the ICC claim, and all of the insurance issues arising therefrom. Therefore, this Court has supplemental jurisdiction over Plaintiff's state-law claims to the extent that such claims are viable in the context of a federal insurance program. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

**E.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

32.    Allstate notes that its first knowledge or notice of the suit was on October 7, 2014, when it was served with the lawsuit through the Secretary of State.  The 30-day period in which to remove does not commence running until the defendant is actually served.  This Notice of Removal is filed on October 28, 2014.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b); and, it is therefore timely.

33. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

34. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Allstate to date.

## CONCLUSION

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: October 28, 2014.

>Respectfully submitted,
>
>**NIELSEN, CARTER & TREAS L.L.C.**
>
>*/s/ Kristina J. Fonte*
>Kristina J. Fonte, #30910
>William R. DeJean, # 22762
>3838 N. Causeway Boulevard, Suite 2850
>Metairie, Louisiana  70002
>Telephone: (504) 837-2500
>Facsimile: (504) 832-9165
>Email: kfonte@nct-law.com
>**Counsel for Defendant**
>**Allstate Insurance Company**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 28, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

    Dominick F. Impastato, III
    Frischhertz, Poulliard, Frischhertz, & Impastato, LLC
    1130 St. Charles Avenue
    New Orleans, LA 70130
    Telephone: (504) 523-1500
    Fax: (504) 581-1670
    Attorney for Plaintiff

                           */s/ Kristina J. Fonte*
                             Kristina J. Fonte